(65 Misc. Rep. 73.)

### In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. October, 1909.)

ESTOPPEL (§ 92*)—EQUITABLE ESTOPPEL—STIPULATION.
　　While L. and R. owned four lots, on three of which were mortgages given by B. and owned by J., title to the fourth lot was acquired by a city in condemnation proceedings, in which the award was, on stipulation of the attorneys of L. and R., owing to an abstract erroneously showing such lot covered by the mortgages, paid to J., who applied it all to reduction of the mortgages, satisfying one of them of record. *Held*, that L. and B. were estopped to take any steps to compel the award to be paid to them by J., having had the benefit of it, and offered no suggestion for restoring to J. the security formerly held by her.

　　[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 260–263; Dec. Dig. § 92.*]

---

In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo for the appraisal, etc., of lands to be taken for grade crossing improvements, etc., and claimed to be owned by the New York Central & Hudson River Railroad Company and others. The commissioners move for return of report to the appraisal commission, to have an alleged mistake relative to parcel No. 3 corrected. Motion denied.

Spencer Clinton, for the motion.

Simon Fleischmann, opposed.

BROWN, J. By report of the appraisal commission January 27, 1909, an award of $1,350 was made for taking a strip of land 50 feet wide and about 300 feet long, known as "Central Avenue," extended for the purposes of grade crossing improvement at the Bailey avenue crossing of the New York Central & Hudson River Railroad in the city of Buffalo. This sum was directed to be paid to the executors of Jane A. Baker, deceased, as mortgagee, and to Thomas B. Lockwood and Elizabeth B. Rumsey, owners, nothing was awarded. On February 10, 1909, this report was duly confirmed, and shortly thereafter such award was paid as provided in the report. In these proceedings relative to such lands, Thomas B. Lockwood and Elizabeth B. Rumsey appeared by Robert C. Palmer, Esq., an attorney and counselor at law, who, acting for his clients, stipulated that the award might be made to the above-mentioned mortgagees, and in pursuance of such stipulation such award was directed to be paid.

It appears that the attorney for the grade crossing commissioners, preliminary to instituting these proceedings, procured from a title searching company an abstract of the record title to lands known as "Central Avenue" and designated in these proceedings as "Parcel No. 3," in and by which abstract it appeared that a certain mortgage, dated June 22, 1894, executed by Emily H. Bailey to secure the payment of $5,000, was a lien upon and covered parcel No. 3, and because of such fact appearing in such abstract all of the papers and proceedings recited that the estate of Jane A. Baker, owner of such mortgage, had a lien on said parcel No. 3, and the attorney who appeared for the said owners of such parcel relied thereon when he stipulated that such award be made payable to the executors of Jane A. Baker.

It now appears that such abstract was incorrect; that in fact such mortgage did not cover parcel No. 3, but described lands to the east and west thereof known as "Parcels C and D," shown on Exhibit No. 1 attached to the answering affidavits used on this motion. Because of such error the attorney for the grade crossing commissioners makes this application for an order referring and sending back to the appraisal commissioners the said report, with the direction that they take further evidence as to the ownership of parcel No. 3, and report to this court whether such mortgage covers parcel No. 3, and for such further order as may be just.

In view of the fact that it is conceded by all parties upon this hearing and interested in the premises that said mortgage does not in fact cover said parcel No. 3, and that Thomas B. Lockwood and Eliza-

beth B. Rumsey were the sole owners thereof, it is unnecessary to take any further evidence to establish that fact.

The executors of the estate of Jane A. Baker oppose this motion, and allege that Thomas B. Lockwood and Elizabeth B. Rumsey are estopped from making any claim to the said award by reason of the facts hereinafter appearing. It is very evident that this motion is made for and on behalf of Thomas B. Lockwood and Elizabeth B. Rumsey. The city of Buffalo can have no further interest in the disposition of the award, or whether it has been paid to the correct parties; for all concede that all persons having an interest in the award, or lands, are parties to these proceedings, and the city's title to the lands taken cannot be questioned by any party to this proceeding. The question presented by the motion is thus simplified, as being a contention between the former owners of parcel 3 and the executors of Jane A. Baker as to the proper application of the sum awarded as damages for injury to the fee of Central avenue.

It appears that on July 13, 1900, Emily H. Bailey executed a mortgage on parcels A, B, and C, shown on Exhibit No. 1, to secure the payment of $3,000. It also appears that on January 28, 1907, Emily H. Bailey conveyed to Thomas B Lockwood and Elizabeth B. Rumsey parcels A, B, and C, and also Central avenue, shown on said exhibit. It is thus seen that at the time of the conveyance by Emily H. Bailey to Thomas B. Lockwood and Elizabeth B. Rumsey the lands conveyed, excepting Central avenue, were incumbered by mortgages aggregating $8,000, one dated June 22, 1894, for $5,000, and one of $3,000, dated July 13, 1900. Upon the payment of the $1,350 awarded for the fee of Central avenue to the executors of Jane A. Baker, such executors applied $668.66 upon the $5,000 mortgage, which sum, with other moneys then paid, satisfied and discharged the same; and such executors executed and delivered to Emily H. Bailey, the grantor of said Lockwood and Rumsey, a satisfaction piece of such mortgage, placed the same on record in Erie county clerk's office, the lands of said Lockwood and Rumsey were freed from such incumbrance, and they had the full benefit of such payment.

The balance of said award, namely, $681.34, was used by such executors by applying the whole thereof upon the $3,000 mortgage, reducing the moneys due thereon, and discharging the lands of said Lockwood and Rumsey from such incumbrance to the extent of such sum of $681.34. It is thus seen that Thomas B. Lockwood and Elizabeth B. Rumsey have in fact received the full benefit of the award of $1,350. Their lands have been discharged from incumbrances to its full amount. These moneys were received by the executors of Jane A. Baker and thus applied by them for the benefit of said Lockwood and Rumsey, relying upon the terms of the award made in pursuance of the stipulation entered into by the attorneys who appeared for said Lockwood and Rumsey in these proceedings. In view of the fact that Emily H. Bailey now refuses to secure in any way to the executors of Jane A. Baker the payment of the sum of $1,350, it is difficult to see how such executors could be restored to their former security in the event this motion should be granted and the executors be compelled to

pay to Thomas B. Lockwood and Elizabeth B. Rumsey said sum of $1,350.

To say that said executors could resort to litigation to compel Emily H. Bailey to reinstate the discharged mortgage, or execute some paper increasing the amount unpaid on the $3,000 mortgage, is a confession that such executors have actually been injured by reason of the acts of Thomas B. Lockwood and Elizabeth B. Rumsey, through their attorney, in stipulating for the payment of such award to such executors and the application of such moneys, relying upon such judgment or award, in satisfaction of mortgages held by them. It will not do to say that such executors must submit to the exigencies or hazard of litigation to protect themselves, especially when it is so clear that the moneys received by them have exclusively been used for the benefit of said Lockwood and Rumsey. They are estopped from taking steps to compel the amount of this award to be paid to them by the executors of Jane A. Baker for two reasons: They have had the benefit of such award. They offered no suggestion that tends to restore to such executors the security formerly held by them.

Motion denied.